UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| RILEY GEORGE METCALF, JR. | ) | |
| | ) | |
| v. | ) | NO. 2:09-CV-93 |
| | ) | |
| SHERIFF KENT HARRIS, CAPT. BILL HENSLEY, OFFICER ROBERT METCALF, PENNA RENA SAMS, PENNA RENA SAMS' DAUGHTER, BENNY EDWARDS, LILLY EDWARDS, EARL METCALF, SHELBY JEAN METCALF, GARY METCALF, JOHNNY METCALF, JERRELL METCALF, SANDY METCALF, CAROLYN METCALF, OFFICER MIKE METCALF, STUDENT LISA METCALF, STUDENT SARA METCALF, OFFICER TRENT A. METCALF, FREDDIE SMITH, DAVID BROADBENT, MICKEAL SMITH, ROBERT SMITH, JESSIE SMITH, JESSIE SMITH'S DAUGHTER, MATTHEW BENIGTON, ERWIN, TENN. POLICE DEP'T, ROBERTSON COUNTY P.D. CORRECTIONAL FEE, S. HAGENSMITH, TRP. L. D. TREVITTE, DR. NWAFIA, DAUGHTER OF ROBERT METCALF, VANDERBILT UNIVERSITY MEDICAL CENTER and CAMPUS, HILLSBORO COUNTY HOSPITAL, FAIRFIELD SMOKEY MTNS., *et al.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

## MEMORANDUM and ORDER

Acting *pro se*, Riley George Metcalf, Jr. a prisoner in the Robertson County Correctional Facility, in Springfield, Tennessee, brings this civil rights action under 42 U.S.C. § 1983 against multiple defendants. Plaintiff is **ASSESSED** the civil filing fee of $350.00 under 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, twenty percent (20%) of the greater of: (1) the average monthly deposits to plaintiff's inmate trust account or (2) the average monthly balance in the inmate trust account, for the six (6) months immediately preceding the filing of the complaint.

After full payment of the initial partial filing fee, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income credited to the account, but only when the amount in the account exceeds ten dollars ($10.00), until the full filing fee has been paid. 28 U.S.C. § 1915(b)(2). All payments must be sent to the Clerk's Office, USDC; 220 W. Depot Street, Suite 200; Greeneville, TN 37743.

The Clerk is **DIRECTED** to send a copy of this order to the custodian of plaintiff's inmate trust account at the facility where he is presently housed, to ensure compliance with the fee-assessment procedures.

As the Court understands this confusing complaint, plaintiff is alleging five

claims: illegal seizure of a revolver; disseminating false information in a statement; a conspiracy of uncertain aims; unlawful cash bond issued against release of weapons and other possessions; and a conspiracy to commit premeditated murder. Since the plaintiff is a prisoner, the complaint now must be screened and must be dismissed if the Court determines that it is frivolous or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2) and § 1915A.

**Claim 1. Seizure of Revolver**

Plaintiff claims that, during his arraignment on "charges against citations for [his] arrest," defendant Sheriff Kent Harris took his .44 magnum revolver, without notice or other procedural protections. If plaintiff is asserting that his right not to be subjected to an unreasonable seizure, as secured by the Fourth Amendment to the United States Constitution, was violated by the taking of his weapon by defendant sheriff, his claim cannot proceed.

Under the doctrine articulated in *Younger v. Harris*, 401 U.S. 37 (1971), federal courts must abstain from entertaining lawsuits by an individual seeking to enjoin a criminal prosecution against him in state court where those proceedings implicate important state interests and the plaintiff has an adequate opportunity to raise his challenges in that forum. *See O'Shea v. Littleton*, 414 U.S. 488, 499-504 (1974). All of the factors supporting abstention are present here. Therefore, the Court must

abstain from interfering in plaintiff's state criminal proceedings by issuing rulings as to whether the seizure of his revolver during his arraignment violated his constitutional rights.

If, however, plaintiff is claiming that he was subjected to an unauthorized, intentional deprivation of his personal property without the procedures which were due him, he will not state such a claim unless he pleads and proves that he has no meaningful state post-deprivation remedies available or that such remedies as are available are ineffective to protect his rights. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 539 (1981), *overruled on other grounds by Daniel v. Williams*, 474 U.S. 327 (1986); *Vicory v. Walton*, 721 F.2d 1062, 1064 (6th Cir.1983). Tennessee has such a remedy, *see McQuiston v. Ward*, 2001 WL 839037 * 1 (Tenn. Ct. App. July 25, 2001) (citing to Tenn. Code. Ann. § 29-30-101 and § 29-30-201)), and plaintiff has failed to show that it is inadequate.

**Claim 2. Defamation**

This claim involves unspecified false information and statements by defendants and others who were illegally involved in some unidentified endeavor by the request of an underage witness. To state a viable § 1983 claim, a plaintiff must allege: 1) that he was denied a right, privilege or immunity secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under

4

color of state law.  *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978).  Plaintiff has failed to show the first element, that is, the deprivation of a right secured by the Constitution and laws of the United States.

The Fourteenth Amendment to the United States Constitution protects against a state actor depriving a person of life, liberty, or property without due process of law. *See e.g., Bailey v. Floyd County Bd. Of Educ.*, 106 F.3d 135, 140-141 (6th Cir. 1999). Plaintiff's allegations do not support a Fourteenth Amendment due process claim because harm or injury to reputation, even if it is inflicted by an officer of the state, does not result in a deprivation of any "liberty" or "property" protected by the Due Process Clause.  *Paul v. Davis*, 424 U.S. 693, 712 (1976).  An allegation of defamation, without more, does not state a section 1983 claim.

Moreover, plaintiff's contention that an underage witness played a role in some sort of illegal dissemination of information really makes no sense.  Conduct which is illegal is by definition a criminal or quasi-criminal act to be investigated and pursued, in the first instance, by law enforcement officials– not by means of a federal civil action.

**Claim 3. Conspiracy**

In this claim, plaintiff contends that, with the consent or upon the request of defendant sheriff, defendant Officer Robert Metcalf and his family, particularly his

daughter and her mother, Penny Rena Sams, his parents and her parents as well, and perhaps other family members, conspired either to give false statements or to deny plaintiff due process or constitutional rights, if not to give illegal evidence concerning an informant. The convoluted facts offered in support of this claim are beyond the Court's comprehension, but suffice it to say that allegations of conspiracy must be pled with specificity. *Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). These allegations do not fit the bill. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) (finding that a court need not conjure up facts not pled to support conclusory allegations).

**Claim 4. Cash Bond**

Plaintiff complains, in this claim, that a $2,000 cash bond was issued against release of his weapons and possessions, though his belongings were obtained by a simple request to hold them until plaintiff relocated from the premises, as he was in the act of moving to a different location. As with the previous claims, understanding this claim requires some creative inferences. If this is a due process claim, plaintiff fails to state a claim for deprivation of property, as explained earlier in this opinion, absent a plea and proof that there are no meaningful state post-deprivation remedies available to redress his loss. *Hudson v. Palmer*, 468 U.S. at 533. Indeed, under some

circumstances, an officer who seizes personal property in bad faith subjects himself to a lawsuit under Tennessee law. *See* Tenn. Code. Ann. 40-33-215 (creating a cause of action against an officer who seizes in bad faith).

If this is not such a claim, then the allegations do not constitute a clear and plain statement of the claim and from them the Court cannot discern a constitutional claim. Therefore, plaintiff's contentions fail to state a claim entitling him to relief under section 1983.

**Claim 5. Conspiracy to Commit Premeditated Murder, etc**.

In the final claim, plaintiff alleges that, from September, 2007, through April of 2008, defendants David Broadbent and Freddie Smith of Madison, Tennessee, conspired with defendant Sheriff Kent Harris, Robert Metcalf, and Investigators to take the 2007 Tennessee license plate [ No. IDD9588] from his 1989 blue Plymouth Reliant automobile to use in the commission of premeditated murder and other crimes.

Again, claims of a civil conspiracy must be pled with specificity; vague and conclusory allegations, unsustained by facts, are not enough. *Farhat* , 370 F.3d at 599; *Gutierrez*, 826 F.2d at 1538. This is an apt description of plaintiff's allegations—vague, conclusory, and bereft of facts which would make out a claim of conspiracy. Furthermore, a criminal conspiracy, which is what plaintiff is actually

describing, is not a matter for disposition in a civil rights case. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

Lastly, plaintiff's motion to compel [Doc. 6] is **DENIED** as **MOOT**.

A separate order of dismissal will enter.


**ENTER**:


s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
